UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
LISA RICE-MCGARITY,                                 :
                                                    :   Case No.: 2:25-cv-466
              Plaintiff,                            :
                                                    :
       v.                                           :
                                                    :
ROBINSON SPORTS INC., d/b/a Fit2Run,                :
THE RUNNER'S SUPERSTORE                             :
                                                    :
              Defendant.                            :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

# COMPLAINT

Plaintiff LISA RICE-MCGARITY through undersigned counsel, sues Defendant ROBINSON SPORTS INC., d/b/a Fit2Run, THE RUNNER'S SUPERSTORE, hereinafter ("Fit2Run") and alleges as follows:

This is an action for unlawful disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), and 28 C.F.R. Part 36. Plaintiff is seeking injunctive relief, attorney's fees, declaratory judgment, costs, litigation expenses, and any other relief this Court finds just.

1

## PARTIES

1. Plaintiff is a resident of Collier County, Florida and is *sui juris*.

2. Plaintiff is legally blind and is a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and under 28 CFR §§ 36.101 *et seq*.

3. Plaintiff cannot navigate websites without screen-reading software which allows her to read website content using her computer. Plaintiff is not entirely blind. Many blind people have limited vision, while others have no vision at all. The terminology "blind" or "visually impaired" refers to the legal definition of blindness. This means a visual acuity with correction of less than or equal to 20 x 200.

4. Plaintiff uses a computer program called "JAWS," or Job Access With Speech, to communicate with company websites. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate websites. The screen reader will list several auditory cues to the user, which allows them to listen in turn and respond accordingly with their keyboard.

5. Defendant Fit2Run was/is, a Florida corporation with its principal place of business located at 311 Manatee Ave W. BRADENTON, FL 34205. Their registered agent is Sibley, Matthew, located at 311 Manatee Ave W. BRADENTON, FL 34205.

6. Defendant was conducting business in this jurisdiction at the time of the incident. Defendant operates the website https://www.fit2run.com/ hereinafter ("Website" or "the Website"). On the Website, Defendant advertises, offers their products and/or services, and operates in Florida.

7. Defendant's Website, and its goods and/or services offered, are a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, *et seq.* Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

9. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in this District of Florida that caused injury and violated rights the ADA prescribes to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in this County. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access and now deter Plaintiff on a regular basis from

accessing the Defendant's Website in the future.

10. Venue is proper in this jurisdiction because all actions, injuries, and damages happened in the Middle District of Florida. As Defendant does a substantial amount of business in this District, venue is proper under 28 U.S.C. §1391(b)(1) and (2). Plaintiff attempted to navigate the subject Website within this Judicial District.

## FACTUAL BACKGROUND

11. Starting on April 21, 2025, Plaintiff attempted on a number of occasions to utilize the Website to browse through running shoes options and other online offers to educate herself and learn about the brick-and-mortar locations, to check hours, to check pricing with the intent to make a purchase through the Website or in, from, and through the physical store location. Plaintiff was met with several accessibility errors that prevented her from being able to complete the online purchase.

12. Plaintiff intended to purchase a white VEJA Condor 3 ADV. This shoe is appealing to Plaintiff as she is an avid runner. She likes the lightweight, performance-driven trainer that has an emphasis on natural materials and forward-thinking design. It is perfect for Plaintiff's daily runs. The product delivers smooth transitions, breathable comfort, and a cushioned yet responsive ride—all while keeping sustainability front and center. This shoe is unique, and purchasing from this

specific company would be unlike any other Plaintiff would be able to find. Plaintiff tried several times to access Defendant's website to make this specific purchase but was met with accessibility errors each time.

13. Defendant's website offers features which should allow all consumers to access the goods and services offered by Defendant. This website forms a nexus between online services and the Defendant's brick and mortar place of public accommodation.

14. Plaintiff has been denied the full enjoyment of the facilities, goods and services of https://www.fit2run.com/ ("The Website" or "Website") as well as deprived of the opportunity to enjoy the facilities, goods and services of Defendant's brick and mortar location, as a result of accessibility barriers on The Website.

15. The Website contains access barriers that prevent free and full use by the Plaintiff using keyboards and screen reading software. These barriers include but are not limited to: ambiguous link texts, changing of content without advance warning, inadequate focus order, lack of alt-text on graphics, the denial of keyboard access for some interactive elements, the lack of adequate labeling of form fields, unclear labels for interactive elements.

16. Plaintiff encountered multiple access barriers that denied her full and equal access to the facilities, goods and services offered by Defendant to the public. Plaintiff was thus, among other things, unable to: learn about store location, hours

and contact information, determine prices and other information from the Website.

17. Accessibility issues encountered by Plaintiff when visiting the Defendant`s website are the following (and not limited to):

    a. Alt text should not be a meaningless image file name.

    b. Alt text should not contain placeholders like 'picture' or 'spacer'.

    c. An element with aria-hidden=true contains focusable content.

    d. Element div is missing one or more required attributes.

    e. Headings should not be empty.

    f. HTML form control has no accessible name.

    g. Img elements must have an accessible name.

18. Because the Website allows the public the ability to secure information about the locations of Defendant's physical locations, to use their goods or services made in and also available for purchase in, from, and through the physical locations, the Website has a nexus to, and is an extension of and gateway to, the goods, services, privileges, and advantages of Defendant's physical locations, which are places of public accommodation under the ADA. As an extension of and service, privilege, and advantage provided by a place of public accommodation as defined under the ADA, the Website is an extension of the services, privileges, and

advantages made available to the general public by Defendant at and through its brick-and-mortar locations and businesses.

19. As the Website is a necessary service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, it must not discriminate against individuals with visual disabilities, and also must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical locations.

20. At all times material hereto, Defendant was and still is an organization owning, operating, and/or controlling the Website. Since the Website is open to the public through the internet, by this nexus the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the physical locations. As such, Defendant has subjected itself and the Website to the requirements of the ADA.

21. Plaintiff is and/or has been a customer who is interested in patronizing and intends to access the Website in the near future once the Website's access barriers are removed or remedied.

22. For Plaintiff, like millions of other visually impaired and blind individuals, finds traveling outside of her home is often a difficult, hazardous, frightening, frustrating, and a confusing experience. Defendant has not provided its business information in any other digital format that is accessible for use by blind and visually disabled individuals using screen reader software.

23. The fact that Plaintiff could not communicate with or within the Website left her feeling isolated, frustrated, and humiliated, and gave her a sense of segregation, as he is unable to participate in the same shopping experience, with the same access to the goods and services as provided at the Website and in the physical locations as the non-visually disabled public.

24. As there is a nexus between Defendant's physical location and the Website, and the fact that the Website clearly provides support for and is connected to Defendant's location for its operation and use, the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA. Therefore, must not discriminate against individuals with disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and

advantages as afforded the non-visually disabled public both online and in the physical locations, which are places of public accommodation subject to the requirements of the ADA.

25. Defendant has been aware of the need to provide full and equal access to all customers that use the Website.

26. Defendant has been aware of the barriers to effective communication within the Website that prevent visually impaired and blind individuals from comprehending information presented therein.

27. Defendant has not provided full and equal access to enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website and the physical locations in contravention of the ADA.

28. Public accommodations under the ADA must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with visual disabilities such as Plaintiff.

29. The purpose of the ADA is to provide an equal opportunity for individuals with disabilities to participate in all aspects of American civic and economic life. That mandate extends to internet e-commerce websites such as the Website at issue in the instant action.

30. The barriers that exist on the Website resulted in discriminatory and unequal treatment to individuals with visual disabilities, including Plaintiff.

31. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove, and this suit for declaratory judgment and injunctive relief is her only means to secure adequate and complete redress from Defendant's unlawful and discriminatory practices in connection with the Website's access and operation.

32. Notice to Defendant is not required because of Defendant's failure to cure the violations.

33. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§2201 and 2202.

## **COUNT I – VIOLATION OF THE ADA – 42 U.S.C. § 12182** *et seq.*

34. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

35. Pursuant to 42 U.S.C. §12181(7)(B), Defendant is a public accommodation under the ADA and thus is subject to the ADA.

36. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Pursuant to 42 U.S.C. §12181(7)(B) and 42 U.S.C. § 12182(a), the Website is covered under the ADA because it provides the general public with the ability to locate and learn about Defendant's physical locations, to purchase services and goods that are made in and also available for purchase in, from, and through the physical locations. The Website thus is an extension of, gateway to, and intangible service, privilege, and advantage of Defendant's physical locations. Further, the Website serves to augment Defendant's physical locations by providing the public information about the locations and by educating the public as to Defendant's available products and services sold through the Website and in, from, and through the physical locations.

38. Under Title III of the ADA, 42 U.S.C. §12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

39. Specifically, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity

can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

40. In addition, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(III), unlawful discrimination includes, among other things, "a failure to take such steps, as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

41. Defendant's Website does not comply with the WCAG guidelines as cited in this Complaint.

42. Defendant's non-compliant Website denies blind and visually impaired individuals full and equal access to, and enjoyment of, the goods, information, and services that Defendant has made available to the public on the Website and in the physical locations in violation of 42 U.S.C. §12101, *et seq*, and as prohibited by 42 U.S.C. §12182, *et seq*.

43. Defendant has made insufficient material changes or improvements to the Website to enable its full and equal use and enjoyment by, and accessibility to, blind and visually disabled persons such as Plaintiff.

44. Violations may be present and on other pages of the Website, which can and will be determined and proven through the discovery process in this case.

45. There are readily available, well-established guidelines on the internet for making websites accessible to the blind and visually disabled. These guidelines have been followed by other large business entities in making their websites accessible. An example of such guidelines includes, but is not limited to, adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating such a basic component to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

46. Defendant has and continues to violate the ADA by denying access to the Website by individuals such as Plaintiff with visual disabilities who require the assistance of screen reader software to comprehend and access internet websites. These violations within the Website are ongoing.

47. The ADA requires that public accommodations and places of public accommodation ensure that communication is effective.

48. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and systems". Indeed, 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

49. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

50. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

51. As alleged hereinabove, the Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication and thus violates the ADA.

52. As a direct and proximate result of Defendant's failure to provide an ADA compliant Website, with a nexus to its brick-and-mortar locations, Plaintiff has suffered an injury in fact by being denied full and equal access to, enjoyment of, and communication with Defendant's Website and its physical locations.

53. Because of the inadequate development and administration of the Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

54. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief, including an order to:

55. Plaintiff is entitled to recover her reasonable attorney's fees, costs, and expenses pursuant to the ADA. To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendant for the following relief:

56. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

57. A preliminary and permanent injunction requiring Defendant to take all the steps

necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

58. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

59. Payment of nominal damages;

60. Pre- and post-judgment interest;

61. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

62. Such other and further relief as this Court deems just and proper.

<b>SECOND CAUSE OF ACTION<br/><u>DECLARATORY RELIEF</u></b>

63. Plaintiff repeats the allegations contained in the above as if set forth herein.

64. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its website contains access barriers denying blind customers the full and equal access to the products, services and facilities of its website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but

not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq.

65. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

    a. WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

66. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

67. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

68. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

69. Payment of nominal damages;

70. Pre- and post-judgment interest;

71. An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

72. Such other and further relief as this Court deems just and proper.

Dated: May 30, 2025

**A&E LAW, PLLC**
**Counsel for Plaintiff**
*/s/ Adam Cretella*
By: Adam Cretella, Esq.
Fla. Bar No.: 1035582
3920 W Broward Blvd., Suite B1
Fort Lauderdale, FL 33312
877-694-3583
Email: litigation@aelawfirm.com